UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| EARLIE B. BERRY, JR., )<br>)<br>        Petitioner, )<br>v. )<br>)<br>STANLEY KNIGHT, Superintendent, )<br>)<br>        Respondent. ) | No. 1:06-cv-1822-SEB-JMS |

**Entry Discussing Petition for Writ of Habeas Corpus**

**I.**

The petitioner's motion to submit proposed findings of fact and conclusions of law, filed on February 27, 2007, is **granted.**

**II.**

"We should not be too ready to exercise oversight and put aside the judgment of prison administrators; it may be that a constitutional challenge to a disciplinary hearing such as [this] will rarely, if ever be successful." *Ponte v. Real,* 471 U.S. 491, 499 (1985) (citation omitted). The challenge of petitioner Earlie Berry, Jr. ("Berry") to a disciplinary proceeding identified as No. ISR 06-10-0313 does not present one of the rare challenges to which *Ponte* refers. Accordingly, his petition for a writ of habeas corpus must be **denied.** This conclusion rests on the following facts and circumstances:

    1.    Berry was charged with violating prison rules at the Pendleton Correctional Facility through his possession or use of a dangerous or deadly weapon. After being supplied with a copy of the written charge and notified of his procedural rights, Berry was found guilty at a hearing and was sanctioned. Contending that the proceeding was constitutionally infirm, Berry now seeks a writ of habeas corpus.

    2.    A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

    3.    "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Berry was entitled to the

following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

   4.   Using the protections recognized in *Hill* and *Wolff* as an analytical template, Berry received all the process to which he was entitled.

   a.   The charge was clear and adequate notice was given. In addition, (1) Berry was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board and reviewing authority issued a sufficient statement of its findings, and (3) the conduct board and the reviewing authority issued a written reason for its decisions and for the sanctions which were imposed.

   b.   With respect to the sufficiency of the evidence, the evidence favorable to the conduct board's decision, *see Willard v. Pearson,* 823 F.2d 1141, 1150 (7th Cir. 1987) (a federal habeas corpus court must presume that the jury resolved all reasonable inferences in the State's favor), is the following: During a search of Berry's property on the morning of November 20, 2006, at the Pendleton Correctional Facility, an Indiana prison, Officer Perkins found a shank (a knife) in a wrist brace in that property. These circumstances constitute at least "some evidence," and hence constitutionally sufficient evidence, that Berry violated prison rules in the manner specified in the charge against him. *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"). The fact that he argued that the shank belonged to another offender did not compel a different decision. *Hill,* 472 U.S. at 457("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

   5.   "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Berry to relief. His claims that he was denied the protections afforded by *Hill* and *Wolff* are either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, his petition for a writ of habeas corpus must be **denied** and this action dismissed. Judgment consistent with this Entry shall now issue.

   **IT IS SO ORDERED.**



SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Date: 04/09/2007